UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Duane Letroy Berry, ) | |
| ) | |
| Plaintiff, ) | Case: 1:17-cv-00306 Jury Demand |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 2/17/2017 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| Jacob "Jack" Lew, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* Complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires dismissal of a prisoner's complaint upon a determination that it, among other grounds, is frivolous.

Plaintiff is a prisoner at the Federal Medical Center in Butner, North Carolina. He has named former U.S. Treasury Secretary Jacob Lew as the sole defendant in this action for "injunctive relief to redress past deprivations and to prevent further deprivations[.]" Compl. at 1. Plaintiff claims to be "a Federal government agent and primary Trustee of BRIDGEWATER CAPITAL TR % BANK OF AMERICA TTEE, a Federal Bank Holding Trust[.]" *Id.* at 2 (capitalization in original). The allegations comprising the complaint are largely incoherent. Plaintiff has included a proposed order, enjoining Lew and his successor and agents "from copying, distributing, using the Bank of America name, writing and or publication on any of its documents, paper, instruments, buildings, commercials, or any other component via the Internet or any other electronic media." The proposed order further states that "this preliminary

1

3

injunction shall become permanent and further support BRIDGEWATER CAPITAL TR % BANK OF AMERICA TTEE[.]" Plaintiff states: "Unless this court enters an Injunction compelling the Defendant to comply, monetary policy could be severely affected as the Trust will be forced to liquidate its Bank of America assets thus removing literally TRILLIONS of dollars from the U.S. economy overnight. This will undoubtedly cause a chain reaction of catastrophic effects!" Compl. at 5 ¶ 8 (capitalization in original).

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). The instant complaint satisfies this standard; therefore, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: February 13, 2017

United States District Judge